NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**NATHANIEL K. FRANKLIN,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

_____

2012-3015

_____

Petition for review of the Merit Systems Protection Board in case no. SF0432110103-I-1.

_____

Decided: May 14, 2012

_____

NATHANIEL K. FRANKLIN, of Inglewood, California, pro se.

SARA B. REARDEN, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel and KEISHA DAWN BELL, Deputy General Counsel.

_____

Before PROST, MOORE, and WALLACH, *Circuit Judges*.

PER CURIAM.

Nathaniel K. Franklin seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing as untimely his appeal from the Department of Veterans Affairs ("VA") Office of Resolution Management finding that his termination was not the result of discrimination. *Franklin v. Dep't of Veterans Affairs*, No. SF0432110103-I-1 (M.S.P.B. Aug. 19, 2011). Because the Board did not abuse its discretion, we *affirm*.

## BACKGROUND

Mr. Franklin was employed as Program Support Assistant for the Department of Veterans Affairs Los Angeles Medical Center. He was removed effective September 30, 2009 due to unacceptable performance. On October 23, 2009, Mr. Franklin filed an equal employment opportunity ("EEO") complaint with the VA's Office of Resolution Management, which accepted the complaint for investigation. On October 26, 2009, Mr. Franklin filed a petition to the Board seeking review of the agency's decision to remove him, which was dismissed as prematurely filed because Mr. Franklin was still pursing his EEO complaint.

On August 5, 2010, the VA issued a Final Agency Decision ("FAD") holding that Mr. Franklin had failed to prove that he was discriminated against. The FAD included language advising him that he had a right to appeal to the Board within thirty days of his receipt of the FAD. Mr. Franklin represents that he received the FAD on or about August 6, 2010, and his lawyer received a copy of the FAD after September 15, 2010. From August

23, 2010 until September 15, 2010, his lawyer had served jury duty.

On November 3, 2010, Mr. Franklin appealed the agency's decision and the agency moved to dismiss the appeal as untimely filed. The administrative judge ordered Mr. Franklin to show cause why his appeal should not be dismissed as untimely. On January 20, 2011, the administrative judge issued an initial decision dismissing the appeal. The administrative judge considered the two month delay from the time Mr. Franklin's appeal was due substantial and accounted for the fact that he was represented rather than proceeding pro se. With regard to Mr. Franklin's explanations for his late filing, the administrative judge determined that the attorney's jury duty was not sufficient good cause to excuse the delay. It explained that no allegations were presented that during jury duty, Mr. Franklin's attorney was unable to review his mail, visit his office, or contact Mr. Franklin. Furthermore, there was no explanation for why the attorney failed to file an appeal during the forty-nine days following the end of his jury duty. To the extent that Mr. Franklin argued that his lawyer's inaction constituted good cause for delay, the administrative judge found that no deception or affirmative wrongdoing by his lawyer occurred, and mere negligence, even if shown, would not suffice to constitute good cause for the late filing. Thus, the administrative judge concluded that "the appellant has failed to demonstrate the due diligence and ordinary prudence that would make a good cause finding appropriate for the appellant's untimely filing of his Board appeal" and dismissed the appeal as untimely. *Franklin v. Dep't of Veterans Affairs*, No. SF0432110103-I-1 slip op. at 6 (M.S.P.B. Jan. 20, 2011).

Mr. Franklin petitioned the full Board for review. On August 19, 2011, the Board found that no significant new evidence was presented that was previously unavailable, and the administrative judge's dismissal of Mr. Franklin's untimely petition was appropriate.

Mr. Franklin appeals. We have jurisdiction over Mr. Franklin's appeal pursuant to 5 U.S.C. § 7703(c).

ANALYSIS

The scope of review in an appeal from a Board decision is limited. We can only set aside a Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003).

When an appellant has timely elected to pursue the agency's EEO process, there are two triggers for an appeal to the Board. If a FAD is issued, an appeal must be filed with the Board no later than thirty days after the date of the appellant's receipt of the agency's decision; or, if the agency has not issued a FAD within 120 days after the EEO complaint was filed, the appellant can appeal to the Board at any point after 120 days have passed. 5 C.F.R. § 1201.154(b). If an appellant does not submit its appeal within the regulatory timeframe, it will be dismissed as untimely unless the appellant can show good cause for the delay. *Id.* § 1201.22(c).

The finding of good cause "is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v.*

*Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc). The appellant bears the burden in demonstrating an excusable delay by showing an exercise of due diligence or ordinary prudence under the circumstances. *Id.* When evaluating whether the appellant's burden is met, several factors are considered including, inter alia, the length of the delay, whether the appellant was notified of the time limit, whether appellant was represented, the existence of circumstances beyond the appellant's control that affected her ability to comply with the deadline, the appellant's negligence, if any, and any unavoidable casualty or misfortune that may have prevented timely filing. *See Zamot v. Merit Sys. Prot. Bd.*, 332 F.3d 1374, 1377 (Fed. Cir. 2003).

Mr. Franklin does not dispute that his appeal was untimely. Rather, he urges that the Board erred in failing to find good cause for his almost two month delay. On appeal, he recounts his efforts to contact his attorney and pursue his appeal. Since none of these facts appear in the record below we cannot consider them.

Based on the record on appeal, we find that the Board acted within its discretion in dismissing the appeal as untimely because several factors weigh against finding good cause for Mr. Franklin's delay. First, the length of the delay is a significant factor in determining good cause, with longer delays carrying heavier weight against a finding of good cause. *See Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1582 (Fed. Cir. 1994). The Board correctly found that the delay of almost two months was significant and thus weighed against a finding of good cause. Similarly, the fact that Mr. Franklin was represented weighs against a finding of good cause. With regard to whether Mr. Franklin was made aware of the time limit, the FAD clearly stated that he had thirty days to file his appeal.

He has admitted to receiving the FAD on August 6 and his attorney indicated he received it some time after September 15. Thus, at the latest, both Mr. Franklin and his attorney were made aware of the time limit more than forty-nine days before the appeal was filed; this factor also weighs against a finding of good cause. Finally, to the extent that Mr. Franklin relies on his attorney's negligence—specifically, his failure to act while serving on a jury—as grounds for finding good cause, this reliance is misplaced. As we have previously held in a similar situation, "[i]t is well settled that a person is bound by the consequences of his representative's conduct, which includes both his acts and omissions." *Rowe v. Merit Sys. Prot. Bd.*, 802 F.2d 434, 437 (Fed. Cir. 1986) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962)). Mr. Franklin is bound by the actions of his attorney, including his failure to file an appeal while serving on jury duty or in the subsequent forty-nine days. And, as the Board noted, the record before it was devoid of any evidence that Mr. Franklin was impeded from filing the appeal himself or acquiring alternative counsel to file the appeal. Thus, the Board's determination that the evidence presented weighed against excusing Mr. Franklin's delay is supported by substantial evidence. Because the Board acted within its discretion in finding that Mr. Franklin failed to show good cause for his delay and dismissing his appeal as untimely, we affirm.

## COSTS

Each party shall bear its own costs.

## **AFFIRMED**